Lamb v. Ryan.

BRIDGET A. LAMB

v.

MARGARET RYAN et al.

Ryan and Kelly, as executors, sold certain lands, at auction, to complainant in 1874, and she paid the deposit thereon, but they refused to deliver the deed to her, because of alleged encumbrances on the lot. In 1875 she filed a bill in this court to compel the executors to convey the lot to her, and in 1877 the *executors* took a decree in that cause that they should convey the lot to her, but they took no other step in the cause, and did not tender a deed, nor repay complainant's deposit. In 1878 complainant began an action at law to recover the damages sustained by her through the executors' refusal to perform the contract of sale, to which, in 1879, they obtained an injunction, restraining her from proceeding at law. After the decree had been taken by the executors, in 1877, they allowed the interest on a mortgage upon the premises, as well as the taxes and assessments thereon, to remain unpaid, and the lot was sold under foreclosure to a third party in 1883. Ryan died in 1881, and in 1884 the bill for specific performance, and all the proceedings thereunder, were struck from the files of the court. At this time (1884) the testator's estate had become insolvent, and the surviving executor (Kelly) pecuniarily irresponsible. Complainant then discontinued her pending action in the supreme court, and brought another against the heirs and devisees of Ryan to recover

Lamb *v.* Ryan.

damages for the non-performance of the contract, and for her deposit.—*Held*, that she was entitled to an injunction to prevent the defendants setting up the statute of limitations as a defence to the action at law, although they had not as yet pleaded the statute, nor even stated that they intended to plead it.

Bill for relief. On general demurrer.

*Mr. R. V. Lindabury,* for demurrants.

*Mr. W. C. Spencer* and *Mr. G. Collins,* for complainant.

THE CHANCELLOR.

This is a bill for an injunction to restrain the defendants from pleading the statute of limitations in a suit brought by the complainant against them as the heirs and devisees of John Ryan, deceased, to recover certain damages. Ryan and one William Kelly were the executors of John Keighry, deceased. As such, they sold at auction to the complainant, on the 15th of October, 1874, certain land in the city of Elizabeth for $3,900 free of all encumbrances, except a mortgage of $600 then upon the premises.

NOTE.—While some cases hold that an injunction against an action or proceeding at law does not prevent the running of the statute of limitations, *Lee* v. *Leachman, 22 Ala. 455; State Bank* v. *Byrd, 14 Ark. 496* (where an injunction against foreclosing a mortgage was held not to include the notes secured by the mortgage); *Rice* v. *Lowan, 2 Bibb 149.* [CONTRA, *Williams* v. *Pouns, 48 Tex. 141*]; *Yale* v. *Randle, 23 La. Ann. 579; Ten Eyck* v. *Wing, 1 Mich. 40; Robertson* v. *Alford, 13 Sm. & Marsh. 509; Ingraham* v. *Regan, 23 Miss. 213; Barker* v. *Millard, 16 Wend. 572; Vance* v. *Grainger, Cam. & Nor. (N. C.) 71; De Kay* v. *Darrah, 2 Gr. 288,* and other cases hold that it does, *Michell* v. *Cue, 2 Burr. 660; Cox* v. *Montford, 66 Ga. 62; Stanbrough* v. *McCall, 4 La. Ann. 322; Barrow* v. *Shields, 13 La. Ann. 57; Little* v. *Price, 1 Md. Ch. 182; Wilkinson* v. *First Nat. Fire Ins. Co., 9 Hun 522, 72 N. Y. 499* (construction of statute); *Gibbes* v. *Mitchell, 2 Bay 120; Bibb* v. *Tarkington, 2 Lea 21* (where a creditor obtained a judgment against an executor in violation of an injunction obtained by the executor against any creditor of the estate suing); *Noland* v. *Seekright, 6 Munf. 185; Hutsonspiller* v. *Stover, 12 Gratt. 579,* equity may always prevent a party from taking an unconscientious advantage of an injunction obtained by himself, and restrain him from setting up the statute at law, *Anonymous, 2 Cas. in Ch. 117; Baylee* v. *Browne, 10 Irish Eq. 180;* as where complainant's bill had been dismissed because the remedy was at law, *Anonymous, 1 Vern. 73; Love* v. *White, 4 Hay. 212;* but see *Gray*

Lamb *v.* Ryan.

They required her to pay at the sale, and she did pay accordingly, ten per centum of the amount of her bid. The balance was to be paid thirty days thereafter, on the delivery of the deed, which was to be delivered at that time. At the time so appointed, November 14th, 1874, she attended at the place designated for the purpose to receive the deed, and then and there demanded the deed, tendering the balance of the purchase-money; but the executors refused to deliver the deed, alleging that they could not give her a clear title, because of the existence of unpaid municipal assessments upon the property, and the fact that the widow of their testator had neither joined them in the deed, nor released her right of dower in the premises. They refused to return to the complainant the $390 she had paid on account of the purchase-money.

On the 29th of May, 1875, she, with her husband, filed a bill in this court against them for specific performance of the agreement. They answered, denying her right to a conveyance of the property. On the 25th of April, 1877, they entered an interlocutory decree in the cause, in substance decreeing that they should specifically perform the agreement, and that the

---

v. *Berryman, 4 Munf. 181;* or the bill was dismissed on the merits, *Doughty* v. *Doughty, 2 Stock. 347;* or, possession of lands had been obtained under color of instruments sustained by the court, but ultimately set aside, *Bond* v. *Hopkins, 1 Sch. & Lef. 413;* or, an annuitant had been restrained from collecting a rent-charge, *O'Donel* v. *Browne, 1 B. & B. 262;* or, the owner of the paramount title to lands was enjoined from proceeding at law by the party in possession, *Kelly* v. *Donlin, 70 Ill. 378;* or, defendant in a judgment obtained and kept in force for seven years an injunction to prevent an execution issuing thereon, *Sugg* v. *Thrasher, 30 Miss. 135; Marshall* v. *Minter, 43 Miss. 666; United States* v. *Hanford, 19 Johns. 173;* see *Buchannan* v. *Rowland, 2 South. 721;* or, prevented a foreclosure, *Wilkinson* v. *Flowers, 37 Miss. 579; Tishamingo Sav. Inst.* v. *Buchanan, 60 Miss. 496;* or, a receiver was enjoined from collecting the notes of a mutual insurance company, *Sands* v. *Campbell, 31 N. Y. 345; Fincke* v. *Funke, 25 Hun 616;* see *Harrison* v. *Dignan, 1 Con. & L. 376; Wrixon* v. *Vize, 3 Dr. & War. 104;* or, there was an irregularity in granting the injunction, *Walton* v. *Pearson, 85 N. C. 34*

For instances where complainant has been held not entitled to relief in equity, see *Rock* v. *Cooke, 1 De G. & Sm. 675; Bampton* v. *Birchall, 5 Beav. 67; Walker* v. *Smith, 3 Yerg. 237; Bank of Tennessee* v. *Hill, 10 Humph. 176; Union Mut. Life Ins. Co.* v. *Dice, 14 Fed. Rep. 523.*—REP.

complainant was entitled to a conveyance of the property, subject to the mortgage of $600, upon payment of the balance of the purchase-money, less an allowance to be made for the dower right and the unpaid taxes and assessments, which were liens upon the property, and ordering a reference to a master, to ascertain and report the value of the dower right and the amount of the unpaid taxes and assessments. Their solicitor conducted the reference, and filed the report and obtained an order confirming it. The latter order was set aside as having been improvidently granted. The executors took no other step in the cause. Nor did they tender to the complainant a deed for the property, nor pay back to her the $390. They having refused to return that money to her, she, in December, 1878—over a year and a half after the entry of the above-mentioned interlocutory decree— commenced an action in the supreme court against them, to recover damages (including the $390) for their refusal to perform the contract of sale. They thereupon obtained an injunction from this court, in the suit for specific performance, on the 4th of April, 1879, restraining her from prosecuting that action. Ryan died May 13th, 1881. He devised his real property to his sister, Margaret Ryan, and his children, Mary and John Ryan, who are both minors. After the order setting aside the order confirming the master's report was obtained, the executors neither proceeded in the cause nor did anything to protect the property, but, on the contrary, let the interest upon the mortgage go unpaid, and also the taxes and municipal assessments which were liens upon the premises, and the property was sold to Samuel Pierce, under foreclosure of the mortgage, in or about October, 1883. The executors thus lost all power of performing the decree. After this, and on the 7th of January, 1884, this court, in view of the facts, on motion on notice, struck the bill for specific performance, and all the proceedings thereon, from the files of the court. When the injunction restraining the complainant from prosecuting her action at law against the executors, was thus dissolved, the estate of Keighry had become insolvent, and Kelly, the surviving executor, was of no pecuniary responsibility. The complainant then discontinued that

Lamb v. Ryan.

action, and brought suit in the supreme court, against the heirs and devisees of Ryan, to recover damages (including the $390 and interest) for the non-performance of the contract of sale. The bill states that it would be inequitable to allow them to take advantage of the delay caused by the before-mentioned injunction, obtained by the executors, or that the complainant should be embarrassed in and prevented from enforcing her rights by her obedience to the injunction, and through no fault or laches of hers.   It also alleges that the complainant verily believes and fears that the heirs and devisees will, unless restrained from so doing by this court, plead the statute of limitations in the action brought against them, and thus prevent her from recovering the $390 and interest, and her other damages, for the recovery whereof that action is brought.

The defendants' counsel insists that, inasmuch as no declaration has been filed in the action at law, this suit cannot be maintained, for it does not appear, by the record of that suit, that it is brought to recover damages, as alleged in the bill.   There is obviously no substance in the objection.   The complainant who brought the action at law states, in the bill, that it is instituted to recover those damages.   This suit rests on that averment.

He also insists that the complainant has been at liberty, at all times since she was enjoined from prosecuting the action at law against the executors, to bring an action against them individually, for damages for breach of the contract.   It is quite enough to say, on this point, that such a suit would have been in violation of the injunction, which undoubtedly was granted upon the ground that, in view of the decree for specific performance, the prosecution of an action for damages was inequitable.   The action was, in fact, against them individually.   It was upon a contract made by themselves, and not by the testator.

Nor is the objection that, according to the statements of the bill, the complainant herself is responsible for the delay, because she did not proceed with the suit for specific performance, as she (as the demurrants insist) was fully at liberty to do, well taken.   The bill states that she began the suit for specific performance because the executors would neither convey the prop-

erty to her nor repay to her her deposit of $390; that they, after denying her right to relief in the suit, took a decree against themselves, in her favor, therein, and themselves proceeded to execute it by the reference to a master; conducted the reference and entered an order confirming the master's report, but it was set aside as having been improvidently made; that they never took any other step in the matter, and never tendered a deed for the property, but refused to repay the $390, and did not protect the property, but permitted it to be sold under foreclosure proceedings. It was the duty of the executors to carry out their contract. They did not do so, and even refused to pay the $390. The fact that the complainant might have brought the suit for specific performance to a conclusion a long time ago, does not debar her from a claim to protection against the interposition of the defence in question, in the pending action at law. Under the circumstances, the plea would be very inequitable.

It is urged, also, that the statements of the bill are not such as to warrant the issuing of an injunction, because it does not appear that the defendants intend to plead the statute of limitations. It was indeed said, in *Lutheran Church* v. *Maschop, 2 Stock. 57*, that this court cannot grant an injunction to allay the fears and apprehensions of individuals; that they must show that the acts against which they ask protection are not only threatened, but will, in all probability, be committed to their injury. But it is manifest that, in a case like this, where what is apprehended is the setting up of a defence in an action at law, which, it is entirely certain, the defendants will interpose, unless prevented by this court from so doing, a threat, or even an expression of an intention to do the act, is not necessary to justify the interference of this court. It is laid down that there may be cases in which it will be sufficient ground for granting an injunction, that there is probable ground for believing that, unless it be granted, there is danger of the act or acts being done which the bill seeks to restrain. *Joyce Prin. Inj. 59*. This is a case of that character. The demurrer will be overruled.